

Gurpreet Singh
2864 Hilltop Mall Road
Richmond, California 94806
Preet2325@yahoo.com
Plaintiff, In Pro Per

CV24    2162    KAW

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA SAN FRANCISCO DIVISION

| | |
|---|---|
| **GURPREET SINGH,**<br><br>    **Plaintiff,**<br><br>vs.<br><br>**Priyanka Chopra Jonas, Tiger Shroff, Disha Patani, Mouni Roy, Gippy Grewal, Jaswinder Singh Bains(Jazzy B), Salman Khan, Katrina Kaif, Neha Sharma, Aisha Sharma, Diljit Dosanjh, Sargun Mehta, John Abraham, Rakul Preet, Kiara Advani, Mishaal Advani, Nidhi Agrewal, Anil Kapoor, Sonal Chauhan, Akshay Kumar, Avneet Kaur, Ravi Dubey, Ranveer Singh, Deepika Padukone, Neha Kakkar, Anushka Sharma, Virat Kohli, Zareen Khan, Gauhar Khan, Parineeti Chopra, Shehnaz Gill, Sidharth Malhotra, Ranbir Kapoor, Alia Bhatt, Kareena Kapoor Khan, Saif Ali Khan**<br><br>    **Defendant .** | **PLAINTIFF'S INITIAL COMPLAINT for** Cyberbullying, Intentional Interference with Contract, False Advertising, Intentional Misrepresentation, Conspiracy, Intentional Torts, Unfair Competition, Civil Rights Violations, Stalking, Identity Theft, Harassment, Cyberstalking, Emotional Distress Damages, Civil Conspiracy, Negligent Infliction of Emotional Distress, Trespass to Chattels, Unlawful Surveillance, Intentional Interference with Prospective Economic Advantage, Violation of Right to Publicity, Intentional Trespass, Violation of California's Anti-Cyberharassment Laws, Violation of California's Consumer Protection Laws, Violation of California's Online Impersonation Laws, Violation of California's Anti-SLAPP Laws, Violation of California's Data Privacy Laws, Violation of California's Anti-Bullying Laws, Violation of California's Online Privacy Laws, Violation of California's Defamation Laws, Violation of California's Intentional Interference with Economic Relations Laws, Violation of California's Anti-Discrimination Laws, Violation of California's Intentional Infliction of Emotional Distress Laws, Violation of California's Invasion of Privacy Laws, Violation of California's Unlawful Use of Personal Information Laws, Violation of California's Online Harassment Laws, Violation of California's Online Defamation Laws, Violation of California's Online Impersonation Laws, Violation of California's Cyberstalking Laws, Violation of California's Cyberbullying Laws, Violation of California's Privacy Rights Laws, Violation of California's Right to Privacy Laws, Copyright Infringement |

1

Plaintiff, Gurpreet Singh, files this Complaint against Defendant, Akshay Kumar, Tiger Shroff, Disha Patani, Mouni Roy, Gippy Grewal, Jaswinder Singh Bains(Jazzy B), Salman Khan, Katrina Kaif, Neha Sharma, Aisha Sharma, Diljit Dosanjh, Sargun Mehta, John Abraham, Rakul Preet, Kiara Advani, Mishaal Advani, Nidhi Agrewal, Anil Kapoor, Sonal Chauhan, Priyanka Chopra Jonas, Avneet Kaur, Ravi Dubey, Ranveer Singh, Deepika Padukone, Neha Kakkar, Anushka Sharma, Virat Kohli, Zareen Khan, Gauhar Khan, Parineeti Chopra, Shehnaz Gill, Sidharth Malhotra, Ranbir Kapoor, Alia Bhatt, Kareena Kapoor Khan, Saif Ali Khan   (hereinafter referred to as "Defendant") and alleges as follows:

## I.    PARTIES

1.  Gurpreet Singh is a citizen and resident of Contra Costa County.

2.  Upon information and belief, Akshay Kumar, Tiger Shroff, Disha Patani, Mouni Roy, Gippy Grewal, Jaswinder Singh Bains(Jazzy B), Salman Khan, Katrina Kaif, Neha Sharma, Aisha Sharma, Diljit Dosanjh, Sargun Mehta, John Abraham, Rakul Preet, Kiara Advani, Mishaal Advani, Nidhi Agrewal, Anil Kapoor, Sonal Chauhan, Avneet Kaur, Ravi Dubey, Ranveer Singh, Deepika Padukone, Neha Kakkar, Anushka Sharma, Virat Kohli, Zareen Khan, Gauhar Khan, Parineeti Chopra, Shehnaz Gill, Sidharth Malhotra are a citizen and resident of India, and defendant Priyanka Chopra Jonas, is a citizen and resident of Los Angeles.

## II.    JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 based on diversity of citizenship and the amount in controversy. Personal jurisdiction exists over the defendants due to their harmful conduct directed towards the plaintiff in California. This

Court also has supplemental jurisdiction over related state law claims arising from the same facts as the federal claims.

4. This action is filed in the United States District Court for the Northern District of California, San Francisco Division, as the harmful conduct, including defamation, impersonation, and unauthorized use of the plaintiff's likeness, was experienced by the plaintiff throughout the state of California. The plaintiff's residence and the effects of the defendants' actions, causing harm to the plaintiff's reputation, emotional well-being, and personal relationships, were felt within the Northern District of California. The substantial connections between the defendants' conduct and the harm suffered by the plaintiff throughout the state of California make this district the appropriate venue for the adjudication of this matter.

### III.    FACTUAL ALLEGATIONS

1. The defendants, have engaged in the unauthorized use of the plaintiff's likeness, obtained from his Instagram account "gurpreetsingh23065," without his consent, in violation of his right to control the commercial use of his identity and likeness.

2. The defendants have impersonated the plaintiff on various online platforms, including social media, by creating false accounts and posting defamatory content that harms the plaintiff's reputation and credibility.

3

3. The defendants have orchestrated a malicious campaign to defame the plaintiff among the public, spreading false and damaging information to tarnish his character and reputation, with the intent to prevent him from engaging in relationships with females of his preference.

4. The defendants' actions have resulted in severe harassment, emotional distress, and reputational harm to the plaintiff, causing him significant distress and suffering.

5. The defendants have engaged in illegal surveillance of the plaintiff, monitoring his activities, interactions, and personal information without his consent, violating his right to privacy and subjecting him to constant scrutiny and invasion of his personal space.

6. The defendants have manipulated crowds and orchestrated situations to isolate the plaintiff, surround him with seniors, married individuals, or male acquaintances, with the purpose of restricting his social interactions and relationships with females of his preference.

7. The defendants' conduct constitutes intentional infliction of emotional distress, defamation, invasion of privacy, unauthorized use of likeness, and other intentional torts, causing significant harm and damage to the plaintiff's personal and professional life.

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

8.  The plaintiff has suffered financial losses, reputational damage, emotional distress, and other harms as a direct result of the defendants' malicious and unlawful actions.

9.  The defendants' unauthorized use of the plaintiff's likeness and impersonation on various online platforms has caused confusion among the public, leading to a misrepresentation of the plaintiff's identity and damaging his credibility and reputation.

10. The defendants' defamatory campaign, aimed at tarnishing the plaintiff's character and reputation, has resulted in the loss of opportunities, relationships, and social standing for the plaintiff, impacting his personal and professional life negatively.

11. The defendants' actions have created a hostile and intimidating environment for the plaintiff, with constant surveillance, harassment, and defamation tactics designed to isolate and harm him emotionally and psychologically.

12. The defendants' intentional interference with the plaintiff's relationships and social interactions constitutes a violation of his rights to freedom of association and privacy, causing significant distress and harm to his well-being.

13. The defendants' conduct demonstrates a pattern of malicious intent and deliberate harm towards the plaintiff, with the clear objective of undermining his personal autonomy, reputation, and social connections.

14. The plaintiff has suffered severe emotional distress, mental anguish, and reputational damage as a direct result of the defendants' wrongful actions, entitling him to full and fair compensation for the harm inflicted upon him.

15. The defendants' campaign of defamation, impersonation, and unauthorized use of the plaintiff's likeness constitutes a deliberate and malicious effort to harm the plaintiff's reputation and well-being, warranting legal action and remedies to address the harm caused.

16. The defendants have systematically social isolation imposed on Gurpreet Singh by the defendant's, depriving him of a normal social life and relationships.

17. The callous disregard for Gurpreet Singh's mental health and well-being, evident in the targeted attacks and defamation orchestrated by the defendants.

18. The egregious invasion of Gurpreet Singh's privacy and dignity through the unauthorized use of his personal information and likeness for malicious purposes.

6

19. The defendants have created an aggressive and hostile environment to intimidate and harm Gurpreet Singh, causing him significant distress.

20. The intentional disruption of Gurpreet Singh's peace of mind and sense of security through continuous and targeted acts of harassment.

21. The defendants have caused a systematic isolation and alienation of Gurpreet Singh from social circles and relationships, leading to profound emotional and psychological impact.

22. The propagation of a false and damaging narrative about Gurpreet Singh by the defendants, tarnishing plaintiffs reputation and credibility in the public eye.

## CAUSE OF ACTION

23. Defamation: The Defendants' campaign to attack Gurpreet Singh's reputation constitutes defamation under California law. Defamation involves the publication of false statements that harm a person's reputation. In California, defamation is a civil wrong that can result in damages. (California Civil Code § 44; see also, Taus v. Loftus, 40 Cal. 4th 683 (2007))

24. Invasion of Privacy: The illegal surveillance and unauthorized use of Gurpreet Singh's personal information by the Defendants amount to invasion of privacy

under California law. Invasion of privacy encompasses various forms of intrusion into an individual's private affairs. (California Constitution, Article 1, Section 1; see also, Shulman v. Group W Productions, Inc., 18 Cal. 4th 200 (1998)).

25. Intentional Infliction of Emotional Distress: The Defendants' deliberate and malicious conduct towards Gurpreet Singh, causing severe emotional distress, claims for intentional infliction of emotional distress under California law. This cause of action requires extreme and outrageous conduct that intentionally or recklessly causes severe emotional distress. (California Civil Code § 46; see also, Christensen v. Superior Court, 54 Cal. 3d 868 (1991))

26. False Light: The Defendants' dissemination of false information and impersonation of Gurpreet Singh leads to a claim for false light invasion of privacy under California law. False light involves the publication of highly offensive and false information that places an individual in a false light. (California Civil Code § 45; see also, M.G. v. Time Warner, Inc., 89 Cal. App. 4th 623 (2001))

27. Cyberbullying: The cyberbullying and harassment orchestrated by the Defendants and micro influencers against Gurpreet Singh violates federal laws such as the Computer Fraud and Abuse Act (CFAA) and California's cyberbullying statutes. The CFAA prohibits unauthorized access to computer systems, while California laws address cyberbullying and online harassment. (18 U.S.C. § 1030; California Penal Code § 653.2; see also, United States v. Nosal, 676 F.3d 854 (9th Cir. 2012)).

8

28. Intentional Interference with Contract: The interference in Gurpreet Singh's relationships by the Defendants claims for intentional interference with contract under California law. This cause of action requires intentional and unjustified interference with a contractual relationship, resulting in damages. (California Civil Code § 1708; see also, Della Penna v. Toyota Motor Sales, U.S.A., Inc., 11 Cal. 4th 376 (1995))

29. False Advertising: If the Defendants have spread false information about Gurpreet Singh with the intent to deceive the public, it constitute false advertising under federal and California laws. The Lanham Act (15 U.S.C. § 1125) and California's False Advertising Law (California Business and Professions Code § 17500) prohibit false or misleading advertising that deceives consumers or harms competitors.

30. Intentional Misrepresentation: The Defendants' dissemination of false allegations and impersonation of Gurpreet Singh support a claim for intentional misrepresentation under California law. Intentional misrepresentation involves making false statements with the intent to deceive another party, leading to harm or damages. (California Civil Code § 1710; see also, Engalla v. Permanente Medical Group, Inc., 15 Cal. 4th 951 (1997))

31. Conspiracy: The Defendants have conspired to engage in the harmful conduct against Gurpreet Singh, a claim for civil conspiracy, which pursued under federal and California laws. Conspiracy involves an agreement between two or more parties to commit an unlawful act or achieve an unlawful purpose, resulting in damages. (California Civil Code § 1714; see also, Halberstam v. Welch, 705 F.2d 472 (D.C. Cir. 1983))

32. Intentional Torts: The Defendants' intentional and harmful actions towards Gurpreet Singh give rise to various intentional tort claims under both federal and California laws. Intentional torts, such as assault, battery, and intentional infliction of emotional distress, involve deliberate and purposeful conduct that causes harm or injury to another individual. These claims seek to hold the wrongdoer accountable for their intentional actions and may result in damages. (See Restatement (Second) of Torts; California Civil Code)

33. Unfair Competition: The Defendants' deceptive and unfair practices aimed at harming Gurpreet Singh's reputation and livelihood may violate federal and California laws governing unfair competition. The Federal Trade Commission Act (15 U.S.C. § 45) and California's Unfair Competition Law (California Business and Professions Code § 17200) prohibit unfair, deceptive, or fraudulent business practices that harm consumers or competitors.

34. Civil Rights Violations: The Defendants' actions against Gurpreet Singh involve discrimination, harassment, or other civil rights violations, which is a grounds for pursuing civil rights claims under federal and California laws. Civil rights laws, such as the Civil Rights Act of 1964 (42 U.S.C. § 2000e) and California's Fair Employment and Housing Act (California Government Code § 12900), protect individuals from discrimination based on protected characteristics such as race, gender, or religion.

35. Stalking: The Defendants' actions towards Gurpreet Singh involve a pattern of behavior that constitutes stalking, which grounds for pursuing legal action under federal and California stalking laws. Stalking involves willfully and maliciously harassing or following another person, causing fear or emotional distress. Federal stalking laws include the Violence Against Women Act (18 U.S.C. § 2261A) and California Penal Code § 646.9 addresses stalking offenses within the state.

36. Identity Theft: The Defendants have engaged in the unauthorized use of Gurpreet Singh's personal information or likeness for fraudulent purposes, it constitute identity theft under federal and California laws. Identity theft involves the unlawful use of another person's identifying information for financial gain or other unlawful purposes. The federal Identity Theft and Assumption Deterrence Act (18 U.S.C. § 1028) and California Penal Code § 530.5 address identity theft offenses.

37. Harassment: The Defendants' persistent and targeted actions towards Gurpreet Singh may amount to harassment under federal and California laws. Harassment involves a course of conduct directed at an individual that serves no legitimate purpose and causes substantial emotional distress. Federal harassment laws include Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e) and California Penal Code § 646.9 addresses harassment offenses within the state.

38. Cyberstalking: The Defendants' use of electronic communication to engage in a pattern of harassing behavior towards Gurpreet Singh may constitute cyberstalking under federal and California laws. Cyberstalking involves the use of electronic devices or online platforms to repeatedly harass, intimidate, or threaten an individual. Federal cyberstalking laws include the Interstate Stalking Punishment and Prevention Act (18 U.S.C. § 2261A) and California Penal Code § 646.9 specifically addresses cyberstalking offenses within the state.

39. Emotional Distress Damages: Gurpreet Singh is entitled to seek damages for emotional distress caused by the Defendants' malicious conduct under federal and California laws. Emotional distress damages are available in civil lawsuits where the plaintiff has suffered severe emotional harm as a result of the defendant's wrongful actions. Courts may award compensation for emotional distress based on the severity and impact of the distress experienced.

40. Civil Conspiracy: The Defendants have conspired to engage in unlawful conduct against Gurpreet Singh, a claim for civil conspiracy which is pursued under federal and California laws. Civil conspiracy involves an agreement between two or more parties to commit an unlawful act or achieve an unlawful purpose, resulting in harm or damages to the victim. Civil conspiracy claims seek to hold all parties involved in the conspiracy accountable for their actions.

41. Negligent Infliction of Emotional Distress:  The Defendants' actions towards Gurpreet Singh were negligent and resulted in emotional harm, Gurpreet Singh have a claim for negligent infliction of emotional distress under California law. Negligent infliction of emotional distress occurs when a person's negligent actions cause another individual to suffer emotional harm. (See Molien v. Kaiser Foundation Hospitals, 27 Cal. 3d 916 (1980))

42. Trespass to Chattels:  The Defendants unlawfully interfered with Gurpreet Singh's personal property, such as his electronic devices or online accounts, Plaintiff have a claim for trespass to chattels under California law. Trespass to chattels involves intentional interference with another person's personal property, resulting in harm or deprivation of use. (See Intel Corp. v. Hamidi, 30 Cal. 4th 1342 (2003))

43. Unlawful Surveillance: The Defendants engaged in unauthorized surveillance of Gurpreet Singh, it constitute a violation of federal and California laws governing

unlawful surveillance. Unlawful surveillance involves the unauthorized monitoring or recording of an individual's private activities without consent. Federal laws such as the Electronic Communications Privacy Act (18 U.S.C. § 2511) and California Penal Code § 632 address unlawful surveillance offenses.

44. Intentional Interference with Prospective Economic Advantage: If the Defendants' actions were intended to disrupt Gurpreet Singh's business relationships or economic opportunities, Plaintiff have a claim for intentional interference with prospective economic advantage under California law. This cause of action involves intentional interference with another person's prospective economic relationships or opportunities, resulting in financial harm. (See Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134 (2003)).

45. Violation of Right to Publicity:   The Defendants have used Gurpreet Singh's name, image, or likeness for commercial purposes without his consent, it constitute a violation of his right to publicity under California law. The right to publicity protects an individual's right to control the commercial use of their identity and likeness. California Civil Code § 3344 provides statutory protection for the right to publicity, allowing individuals to seek damages for unauthorized use of their persona.

46. Violation of California's Anti-Cyberharassment Laws: California has specific laws that address cyberharassment and online harassment. The  Defendants' actions

14

towards Gurpreet Singh constitute cyberharassment, Plaintiff have grounds to pursue legal action under California's anti-cyberharassment statutes. California Penal Code § 653.2 prohibits the electronic communication of messages with the intent to harass or annoy another person, providing legal recourse for victims of cyberharassment.

47. Violation of California's Consumer Protection Laws: If the Defendants engaged in deceptive or unfair business practices that harmed Gurpreet Singh as a consumer, Plaintiff have a claim under California's consumer protection laws. California's Unfair Competition Law (California Business and Professions Code § 17200) and Consumer Legal Remedies Act (California Civil Code § 1750) protect consumers from fraudulent, unfair, or deceptive business practices, allowing individuals to seek remedies for violations of their consumer rights.

48. Copyright Infringement: The Defendant's unauthorized use of the Plaintiff's content on social media platforms may constitute copyright infringement under federal law. The Copyright Act of 1976 protects original works of authorship, including photographs and other creative content. In Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146 (9th Cir. 2007), the court addressed issues of copyright infringement in the context of online content.

PRAYER:

15

"WHEREFORE, Plaintiff respectfully prays for the following pre-judgment and post-judgment relief:

Pre-Judgment Relief:

49. An award of $800 billion dollars in compensatory damages for the severe emotional distress, financial harm, and reputational damage suffered as a result of the defendants' malicious and intentional conduct.

50. Punitive damages in an amount to be determined by the court, to punish the defendants for their egregious behavior and deter future misconduct.

51. Injunctive relief to prohibit the defendants from further engaging in cyberbullying, harassment, defamation, and any other harmful actions towards the plaintiff.

Post-Judgment Relief:

52. Ongoing compensatory damages for any continuing harm suffered by the plaintiff as a result of the defendants' actions.

53. Attorneys' fees and costs incurred in bringing this action.

54. Any other relief that the court deems just and proper in the circumstances.

16

Respectfully Submitted By:

Gurpreet Singh
2864 Hilltop Mall Road
Richmond, California 94806
Preet2325@yahoo.com
Plaintiff, Pro Per

Date: April 9, 2024

17

1

## DEMAND FOR JURY TRIAL

2    Pro Se Plaintiff, Gurpreet Singh, demands a jury trial for all the triable issues and facts.

3

4                                                        Respectfully submitted by:

5

6                                                        Gurpreet Singh
                                                         2864 Hilltop Mall Road
7                                                        Richmond, California 94806
                                                         Preet2325@yahoo.com
8                                                        Plaintiff, Pro Per

9                                                        Date: April 9, 2024

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28