UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURPREET SINGH,<br><br>   Plaintiff,<br><br>  v.<br><br>PRIYANKA CHOPRA JONAS, et al.,<br><br>   Defendants. | Case No. 24-cv-02162-SI<br><br>**SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 1, 4 |

On April 1, 2024 self-represented plaintiff Gurpreet Singh filed a complaint against numerous defendants, asserting numerous claims under federal and California state law. Dkt. No. 1. On April 18, 2024, Magistrate Judge Westmore issued an order granting plaintiff's application to proceed *in forma pauperis* and issued a Report and Recommendation recommending that this case be dismissed without prejudice for lack of subject matter jurisdiction. Dkt. No. 4. The basis for this recommendation was that plaintiff alleges that the district court has subject matter jurisdiction based on diversity of citizenship, yet one defendant, Priyanka Chopra Jonas, is a citizen of California, as is plaintiff. Diversity of citizenship does not exist when *any* defendant is the citizen of the same state as the plaintiff. Although plaintiff did allege in the complaint that the Court has subject matter jurisdiction based on diversity of citizenship and amount in controversy, this Court notes that plaintiff also alleges numerous federal law claims in his complaint. This Court will therefore review plaintiff's complaint to determine whether plaintiff has adequately alleged any claims under federal law such that the Court has federal question jurisdiction.

The statute that authorizes courts to allow lawsuits to proceed without prepayment of the filing fees also requires the Court to dismiss the case if the action is frivolous, malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). For purposes of 28 U.S.C. § 1915, a frivolous claim is one that "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To state a claim for relief, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[1] The complaint need not contain "detailed factual allegations," but the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions"; a mere "formulaic recitation of the elements of a cause of action" is insufficient. *Id.* at 555 (internal quotations omitted). Pleadings by self-represented plaintiffs must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Plaintiff alleges the following federal causes of action: (1) Cyberbullying in violation of the Computer Fraud and Abuse Act; (2) Lanham Act false advertising; (3) Civil conspiracy; (4) Unfair competition under the Federal Trade Commission Act; (5) Discrimination, harassment, and other civil rights violations; (6) Stalking in violation of the Violence Against Women Act; (7) Identify theft in violation of the Identity Theft and Assumption Deterrence Act; (8) Cyberstalking in violation of the Interstate Stalking Punishment and Prevention Act; (9) Unlawful surveillance in violation of the Electronic Communications Privacy Act; and (10) Copyright infringement. However, plaintiff has pled insufficient facts to support these claims. The Court does not understand what allegedly happened to plaintiff based on the allegations in his complaint. Additionally, some of the federal causes of action are alleged in the following manner: if defendants did X, that constitutes a federal law violation. Others use the language of "may." Plaintiff must describe what allegedly *happened* that caused the listed violations.

Because the complaint contains insufficient factual allegations, the Court **dismisses plaintiff's complaint with leave to amend**. If plaintiff wishes to amend his complaint, he must do

---

[1] "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

so by **June 14, 2024**.  If plaintiff chooses to amend his complaint, he is directed to be specific about what happened to him and why what happened to him constitutes a violation of *each* of the federal causes of action listed.

**IT IS SO ORDERED**.

Dated: May 17, 2024

_____
SUSAN ILLSTON
United States District Judge