UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURPREET SINGH,<br><br>  Plaintiff,<br><br>  v.<br><br>PRIYANKA CHOPRA JONAS, et al.,<br><br>  Defendants. | Case No. 24-cv-02162-SI<br><br>**SECOND SCREENING ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>Re: Dkt. No. 8 |

**BACKGROUND**

On April 1, 2024 self-represented plaintiff Gurpreet Singh filed a complaint against numerous defendants, asserting numerous claims under federal and California law. Dkt. No. 1. Magistrate judge Westmore granted plaintiff's application to proceed *in forma pauperis* on April 18, 2024. On May 17, 2024, this Court issued a screening order dismissing plaintiff's complaint with leave to amend, and directing plaintiff to be specific about what defendants allegedly did to him and why what happened to him constitutes a violation of each of his federal causes of action. Dkt. No. 7. Plaintiff filed an amended complaint on June 15, 2024, listing 31 different "causes of action." Dkt. No. 8 ("FAC"). In this amended complaint, plaintiff removes from his long list of defendants the one defendant listed in his initial complaint who was also a citizen of California.[1] Plaintiff now alleges that all the remaining defendants – over 30 in number -- are citizens and residents of India. FAC ¶ 2.

In his amended complaint, plaintiff includes a long list of mostly conclusory allegations, all

---

[1] The defendant that plaintiff removed from the complaint is Priyanka Chopra Jonas, who remains in the case caption.

1    challenging defendants' alleged "unauthorized use" of his Instagram account,
2    "gurpreetsingh23065." Plaintiff alleges nothing specific about any individual defendant. He
3    alleges that "the defendants" have impersonated him on various online platforms, appropriated
4    messages without his consent, exploited his Instagram post for a political campaign, and
5    orchestrated a campaign to restrict his freedom and subject him to surveillance and scrutiny. He
6    alleges that "the defendants" copied unique content from his Instagram account, resulting in
7    violations of his intellectual property rights. He alleges that "the defendants" used content from his
8    Instagram account in movie productions and promotional materials. He alleges that "the
9    defendants" have orchestrated situations to isolate him, and he repeatedly alleges that defendants'
10   actions were done with the purpose of restricting his social interactions and relationships with
11   females of his preference. He alleges a defamatory campaign aimed at tarnishing his character and
12   reputation. He alleges defendants' interference with his relationships and social interactions resulted
13   in violations of his rights to freedom of association and privacy. Finally, he alleges that he has
14   suffered severe emotional distress, mental anguish, reputational damage, and financial harm because
15   of defendants' actions, and requests an award of $800,000,000,000 in compensatory damages.

## LEGAL STANDARD

The statute that authorizes courts to allow lawsuits to proceed without prepayment of the filing fees also requires the Court to dismiss the case if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). For purposes of 28 U.S.C. § 1915, a frivolous claim is one that "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To state a claim for relief, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[2] The complaint need not contain "detailed factual allegations," but the

---

[2] "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure

plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions"; a mere "formulaic recitation of the elements of a cause of action" is insufficient. *Id.* at 555 (internal quotations omitted). Pleadings by self-represented plaintiffs must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## DISCUSSION

Plaintiff alleges that the Court has both diversity jurisdiction and federal question jurisdiction. Plaintiff alleges the following causes of action, some of which are not recognized causes of action: (1) defamation, (2) invasion of privacy and other privacy violations, (3) intentional infliction of emotional distress, (4) copyright infringement, (5) cyberbullying, (6) intentional interference with contract, (7) unjust enrichment, (8) false advertising, (9) intentional misrepresentation, (10) conspiracy, (11) intentional torts, (12) unfair competition, (13) civil rights violations under the Civil Rights Act of 1964, Fair Employment and Housing Act, and California Government Code § 12900, (14) stalking and cyberstalking, (15) harassment, (16) emotional distress damages, (17) negligent infliction of emotional distress, (18) trespass to chattels, (19) unlawful surveillance, (20) intentional interference with prospective economic advantage, (21) violation of right to publicity, (22) violation of California's anti-cyberharassment laws, (23) violation of California's consumer protection laws, (24) misappropriation of likeness, (25) false endorsement, (26) fraudulent misrepresentation, (27) conversion, (28) international interference with relationships, (29) conspiracy to weaponize relationships, (30) discrimination based on age, and (31) digital rights violations.

Although plaintiff has made some effort to add language to his complaint, he has still pled insufficient facts to support any one of his long list of claims and has not identified anything any individual defendant has done. He has not alleged what "unauthorized use" each individual defendant, or any individual defendant, made of his Instagram account. Plaintiff has also not explained how the alleged "unauthorized use" of his Instagram account resulted in any of the

---

12(b)(6) standard for failure to state a claim." *Watson v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

1  individual causes of action listed. Because the complaint still contains insufficient factual
2  allegations to state a claim and plaintiff has not cured the deficiencies identified in the first screening
3  order, the Court DISMISSES plaintiff's amended complaint without leave to amend. This dismissal
4  is without prejudice.

**IT IS SO ORDERED**.

Dated: August 23, 2024

_____
SUSAN ILLSTON
United States District Judge